# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5505 | **DATE** | 1/7/2011 |
| **CASE TITLE** | Danek vs. County of Cook | | |

**DOCKET ENTRY TEXT**

The Court denies Defendant's motion to dismiss [9]. Defendant to answer by 1/28/11. Status hearing set for 2/17/11 is stricken and reset to 2/1/11 at 8:30 a.m.

■ [ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

On August 31, 2010, Plaintiff Jan Danek filed the present one-count Complaint against his former employer Defendant Cook County for violating the Family and Medical Leave Act of 1993 ("FMLA"), specifically 29 U.S.C. § 261(a)(1), (b). Before the Court is Defendant Cook County's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court denies Cook County's motion.

## BACKGROUND

In September 2002, Cook County hired Danek as a medical interpreter at the John H. Stroger, Jr. Hospital. (R. 1, Compl. ¶¶ 1, 7.) In 2006, Danek had a stroke and was hospitalized at Lutheran General Hospital. (*Id*. ¶ 8.) Due to his medical condition, Danek experienced episodes of depression. (*Id*.) In December 2007, Danek experienced lower back pain, which added to his depression, and thus he went on disability leave until April 2008. (*Id*. ¶ 9.) In July 2008, Danek's symptoms of the depression reoccurred and his physician, Dr. Richard Novak, suggested that he take more time off from work. (*Id*. ¶ 10.) To that end, on August 5, 2008, Danek completed a FMLA form, which he submitted to a Cook County Hospital Employee Health Services ("EHS") worker on August 7, 2008. (*Id*. ¶ 12.) The EHS worker instructed Danek to return to EHS at the conclusion of his FMLA leave. (*Id*.)

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Danek alleges that he started his FMLA leave on August 12, 2008.  (*Id.* ¶ 14.)  On September 8, 2008, Danek received a letter dated September 3, 2008 terminating his employment with the County.  (*Id.* ¶ 15.)  Danek received another letter dated September 22, 2008 confirming his termination.  (*Id.* ¶ 16.)  In his Complaint, Danek seeks monetary damages, injunctive relief, and declaratory relief based on Cook County's interference with the exercise of his rights under the FMLA and retaliation for exercising his FMLA rights.  (*Id.* ¶¶ 1, 29.)

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted."  *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009).  Pursuant to Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)).  Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.  Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570).  "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007); *McGowan v. Hulick,* 612 F.3d 636, 638 (7th Cir. 2010) (courts accept factual allegations as true and draw all reasonable inferences in plaintiff's favor).

## ANALYSIS

The "FMLA entitles an employee to twelve weeks of leave every twelve-month period if she is afflicted with 'a serious health condition' which renders her unable to perform her job." *Smith v. Hope Sch.,* 560 F.3d 694, 699 (7th Cir. 2009) (quoting 29 U.S.C. § 2612(a)(1)(D)).
"To prevail on an FMLA-interference claim, an employee must demonstrate that: (1) she was eligible for FMLA protection; (2) her employer was covered by the FMLA; (3) she was entitled to FMLA leave; (4) she provided sufficient notice of her intent to take leave; and (5) her employer denied her benefits to which she was entitled." *Brown v. Automotive Components Holdings, LLC,* 622 F.3d 685, 689 (7th Cir. 2010).  To succeed on a FMLA retaliation claim, "the plaintiff does not need to prove that "retaliation was the *only* reason for her termination; she may establish an FMLA retaliation claim by 'showing that the protected conduct was a substantial or motivating factor in the employer's decision.'" *Goelzer v. Sheboygan County, Wis.,* 604 F.3d 987, 995 (7th Cir. 2010) (citation omitted) (emphasis in original).  As with FMLA interference claims, a plaintiff alleging a FMLA retaliation claim must establish that she was eligible for FMLA leave in the first instance.  *See Daugherty v. Wabash Ctr., Inc.,* 577 F.3d 747, 750 (7th Cir. 2009) ("To show a violation of FMLA rights, plaintiffs must show that they are eligible for FMLA protection"); *see also Long v. Teachers' Ret. Sys. of Ill.,* 585 F.3d 344, 350 (7th Cir. 2009) ("An employer cannot retaliate if there is nothing for it to retaliate against.") (citation omitted).

In its motion to dismiss, Cook County argues that Danek's allegations demonstrate that he was not entitled to FMLA leave in August 2008 because he had already taken twelve weeks of leave earlier in 2008, and thus he has pleaded himself out of court.  *See Benders v. Bellows & Bellows,* 515 F.3d 757, 767 (7th Cir. 2008) ("a plaintiff can plead herself out of court by alleging facts that show she is not entitled to a judgment").  To clarify, in his Complaint, Danek specifically alleges that "[i]n December of 2007, Plaintiff did experience lower back pain which added to his depression and went on disability leave until April of 2008 at which time he reported back to work." (Compl. ¶ 9.)  Thus, according to Cook County, Danek already took at least twelve weeks of

leave by April 2008 during the twelve-month period beginning in January 2008, and therefore, he was not eligible for the additional FMLA leave he requested in August 2008.

Danek does not allege that the December 2007 to April 2008 disability leave was pursuant to the FMLA, but an employer may have a policy that time spent on other types of leave, such as short-term disability leave, can be counted against an employee's annual twelve-week entitlement to FMLA leave. *See* 29 C.F.R. § 825.207(d); *see, e.g., LaFary v. Rogers Group, Inc.*, 591 F.3d 903, 908 (7th Cir. 2010). That being said, from the allegations in the Complaint, the Court has no way of knowing whether Cook County had any such policy nor does the Court know the nature of Danek's first period of leave in 2008. These questions are best answered in a Rule 12(c) motion or motion for summary judgment pursuant to Rule 56(c). Accordingly, the Court denies the County's motion to dismiss.