IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAN A. DANEK,                              )
                                           )
       Plaintiff,                         )
                                           )
       v.                                 )   Case No. 10 C 5505
                                           )
COUNTY OF COOK d/b/a JOHN                  )
STROGER, JR. HOSPITAL OF COOK              )
COUNTY,                                    )
                                           )
       Defendant.                         )

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

    On August 31, 2010, Plaintiff Jan Danek filed the present one-count Complaint against his former employer Defendant Cook County for violating the Family and Medical Leave Act of 1993 ("FMLA"), specifically 29 U.S.C. § 2615(a)(1), (b). Before the Court is Defendant's summary judgment motion pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the Court grants Defendant's motion and dismisses this lawsuit in its entirety.

### BACKGROUND

**I.    Northern District of Illinois Local Rule 56.1**

    Local Rule 56.1 assists the Court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). "The Rule is designed, in part, to aid the district court, 'which does not have the advantage of the parties' familiarity with the record and often cannot afford to spend the time combing the record to locate the relevant information,' in determining whether a trial is

necessary." *Delapaz v. Richardson,* 634 F.3d 895, 899 (7th Cir. 2011) (citation omitted). Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 632 (7th Cir. 2009). "The opposing party is required to file 'a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." *Id.* (citing N.D. Ill. R. 56.1(b)(3)(B)). Also, Local Rule 56.1(b)(3)(C) requires the nonmoving party to present a separate statement of additional facts that requires the denial of summary judgment. *See Ciomber v. Cooperative Plus, Inc.,* 527 F.3d 635, 643-44 (7th Cir. 2008).

The purpose of Local Rule 56.1 statements is to identify the relevant admissible evidence supporting the material facts, not to make factual or legal arguments. *See Cady v. Sheahan,* 467 F.3d 1057, 1060 (7th Cir. 2006) ("statement of material facts did [] not comply with Rule 56.1 as it failed to adequately cite the record and was filled with irrelevant information, legal arguments, and conjecture"). Therefore, the Court will not address the parties' legal and factual arguments made in their Local Rule 56.1 statements and responses. *See System Dev. Integration, LLC v. Computer Sciences Corp.,* 739 F.Supp.2d 1063, 1068 (N.D. Ill. 2010). Moreover, the requirements for responses under Local Rule 56.1 are "not satisfied by evasive denials that do not fairly meet the substance of the material facts asserted." *Bordelon,* 233 F.3d at 528. The Court may also disregard statements and responses that do not properly cite to the record. *See Cady,* 467 F.3d at 1060; *Cichon v. Exelon Generation Co., LLC,* 401 F.3d 803, 809-10 (7th Cir. 2005).

**II. Relevant Facts**

Danek worked for John H. Stroger Jr. Hospital of Cook County ("Stroger Hospital") as a medical translator. (R. 33, Def.'s Rule 56.1 Stmt. Facts ¶ 1.) More specifically, the Cook County Health and Hospital Commission ("CCHHS") – that Defendant Cook County created to run Stroger Hospital – employed Danek as a Polish medical interpreter for the Interpreter Services Department until September 2008. (*Id.* ¶¶ 2, 8.)

On August 4, 2008, Danek asked for a month's vacation leave from August 11, 2008 to September 11, 2008. (Def.'s Stmt. Facts ¶ 10.) Danek's supervisor, Anibal Rodriguez, verbally denied this vacation request. (*Id.* ¶¶ 8, 12.) On August 11, 2008, Rodriguez sent Danek a written memorandum explaining why he denied Danek's vacation request, including that: (1) employees in the department may only take a maximum of two weeks vacation leave at one time; (2) another Polish interpreter was already scheduled to be off during the same time period, and two Polish interpreters cannot take vacation leave at the same time; and (3) the department was short-staffed. (*Id.*)

After Rodriguez verbally denied Danek's vacation request, Danek completed an FMLA leave of absence form on August 7, 2008 based on his chronic depression and lower back pain. (*Id.* ¶ 13; Pl.'s Stmt. Facts ¶¶ 9, 31-33.) Danek stated on the FMLA form that he wanted to take three-months of FMLA leave beginning on the same date that he had wanted to begin his vacation, August 11, 2008. (Def.'s Stmt. Facts ¶ 13.) Danek's doctor, Dr. Richard Novak, completed a FMLA "Certification of Physician or Practitioner" for Danek to accompany his leave of absence form. (*Id.* ¶ 14; Pl.'s Stmt. Facts ¶ 10.) Thereafter, on August 7, 2008, Danek reported to the Employee Health Services office and submitted Dr. Novak's certificate and his

3

FMLA request form. (Def.'s Stmt. Facts ¶ 16; Pl.'s Stmt. Facts ¶ 11.) Melinda Intoy, a nurse practitioner who was working in the Employee Health Services office, met with Danek that day and performed his physical examination. (Def.'s Stmt. Facts ¶ 16; Pl.'s Stmt. Facts ¶ 11.) Danek then took a copy of his FMLA request form to Rodriguez and to the Department of Human Resources. (Def.'s Stmt. Facts ¶ 17; Pl.'s Stmt. Facts ¶ 14.) After Danek returned to work from his Employee Health Services visit on August 7, 2008, he told other employees that he was taking time off to go to Mexico. (Def.'s Stmt. Facts ¶ 20.)

On August 8, 2008, Danek appeared for his appointment with attending physician Dr. Vesna Sefer at Employee Health Services, but after his appointment began, Danek became dizzy and had elevated blood pressure, so Dr. Sefer referred him to Stroger Hospital's Emergency Room. (Def.'s Stmt. Facts ¶¶ 22, 23; Pl.'s Stmt. Facts ¶¶ 18, 24.) Later that day, Danek left Stroger Hospital against medical advice because he did not feel like he "was in bad shape." (Def.'s Stmt. Facts ¶ 25.) Danek did not return to the Department of Interpretive Services on August 8, 2008. (*Id.* ¶ 26.) Moreover, Danek did not appear at the Employee Health Services Office for his next scheduled appointment on August 12, 2008, after which Dr. Sefer called Danek twice, but received no response. (*Id.* ¶ 28.) Also, on August 13, 2008, Employee Health Services sent a letter to Danek about his missed appointment, but the office did not receive a response from Danek. (*Id.* ¶ 30.) Thereafter, Dr. Sefer contacted Danek's primary care doctor, Dr. Novak, on August 13 and 18, 2008 to inquire if Danek was alright. (*Id.* ¶ 31.) Dr. Sefer left Dr. Novak two messages asking Dr. Novak to call back, but Dr. Sefer did not speak with Dr. Novak. (*Id.*)

4

Danek was scheduled to work on Monday, August 11, 2008, but he did not appear for work or call in nor did he respond to being paged. (*Id.* ¶ 27.) Specifically, during the week of August 11, 2008, Rodriguez called and paged Danek repeatedly, but Danek did not respond. (*Id.* ¶ 32.) On August 20, 2008, Lorraine Jackson of the Department of Human Resources informed Rodriguez that Danek's FMLA request had not yet been approved and was still under review. (*Id.* ¶ 34.) In fact, the Department of Human Resources – the department that reviewed County employees' FMLA leave requests – never approved Danek's FMLA request. (*Id.*; Danek Dep., Ex. 7, FMLA Request; Ex. 19, County of Cook Personnel Rules § 6.03(7); Ex. 20, Stroger Hospital FMLA Procedures.)

On August 21, 2008, Rodriguez sent a letter to Danek stating that his FMLA leave had not yet been approved and that he needed to report to the office by August 25, 2008 or face job abandonment charges. (*Id.* ¶ 36.) Danek did not respond. (*Id.* ¶ 37.) On September 2, 2008, Rodriguez sent a letter to Danek informing him that he was charged with job abandonment and that a disciplinary hearing would be conducted on September 8, 2008. (*Id.* ¶ 38.) Danek admits that he received this letter, but did nothing in response. (*Id.* ¶ 45.) On September 22, 2008, Administrative Staff Services personnel sent Danek a letter terminating his employment based on job abandonment. (*Id.* ¶ 39; Pl.'s Stmt. Facts ¶ 28.)

At his deposition, Danek admitted that he did not receive approval to take FMLA leave from his employer in August 2008. (Def.'s Stmt. Facts ¶ 53.) Danek also testified that when he left on August 8, 2008, he did not know if his FMLA request had been approved or denied. (*Id.*) Moreover, Danek admitted that on Sunday, August 10, 2008 – three days after he requested his FMLA leave – he traveled to Lake Geneva, Wisconsin and then to Texas for a couple of weeks.

5

(*Id.* ¶¶ 40-41.) Danek further admitted that on September 11, 2008, he went to Mexico and stayed with friends for two weeks and then returned to Mexico in mid-October 2008 for a festival and stayed with friends until mid-November 2008. (*Id.* ¶¶ 42-43.) Meanwhile, Danek never contacted his supervisor, Employee Health Services, or anyone at CCHHS after August 8, 2008. (*Id.* ¶ 49.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted).

## ANALYSIS

The "FMLA entitles an employee to twelve weeks of leave every twelve-month period if she is afflicted with 'a serious health condition' which renders her unable to perform her job." *Smith v. Hope Sch.,* 560 F.3d 694, 699 (7th Cir. 2009) (quoting 29 U.S.C. § 2612(a)(1)(D)). The

FMLA "further provides that employers may not 'interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the Act].'" *Righi v. SMC Corp.*, 632 F.3d 404, 408 (7th Cir. 2011) (citation omitted). In his Complaint, Danek brings both FMLA interference and retaliation claims. The Court addresses each claim in turn.

I.  **FMLA Interference Claim**

"To prevail on an FMLA-interference claim, an employee must demonstrate that: (1) she was eligible for FMLA protection; (2) her employer was covered by the FMLA; (3) she was entitled to FMLA leave; (4) she provided sufficient notice of her intent to take leave; and (5) her employer denied her benefits to which she was entitled." *Brown v. Auto. Components Holdings, LLC*, 622 F.3d 685, 689 (7th Cir. 2010); *see also Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 669 (7th Cir. 2011).

Defendant first argues that Danek was not eligible for FMLA leave because Danek failed to give 30-days advanced notice before the requested FMLA leave date as required by the relevant Department of Labor regulation, 29 C.F.R. § 825.303(a), and the Cook County Personnel Rules. *See Righi,* 632 F.3d at 406 ("an employer is entitled to enforce compliance with its 'usual and customary notice and procedural requirements' regarding FMLA leave") (citation omitted). As the Seventh Circuit explains, "if the need for the leave is foreseeable at least 30 days in advance, the employee must provide that much notice, so that the employer can minimize the disruptive effect of an unscheduled leave on his business." *Aubuchon v. Knauf Fiberglass GmbH,* 359 F.3d 950, 951 (7th Cir. 2004) (internal citations omitted); *see also Gilliam v. United Parcel Serv., Inc.,* 233 F.3d 969, 971 (7th Cir. 2000). If, however, the "30 days notice is not practicable, such as because of a lack of knowledge of approximately when

7

leave will be required to begin, a change in circumstances, or a medical emergency, notice must be given as soon as practicable." 29 C.F.R. § 825.302(a). "It is important to note that if the required notice, whether 30 days or 'as soon as practicable,' is not given, the employer can deny leave." *Aubchon,* 359 F.3d at 951; *see also Righi,* 632 F.3d at 408 ("When the employee fails to give his employer proper notice, the employer is under no duty to provide FMLA leave."). As the Seventh Circuit teaches:

> Conditioning the right to take FMLA leave on the employee's giving the required notice to his employer is the quid pro quo for the employer's partial surrender of control over his work force. Employers do not like to give their employees unscheduled leave even if it is without pay, because it means shifting workers around to fill the temporary vacancy and then shifting them around again when the absentee returns. The requirement of notice reduces the burden on the employer.

*Aubuchon*, 359 F.3d at 951-52.

Viewing the facts and all reasonable inferences in Danek's favor, it is undisputed that Danek started experiencing chronic back pain in 1998 and depression in 2004. (Pl.'s Stmt. Facts ¶¶ 31, 33.) Therefore, his four-day FMLA notice for these ongoing chronic conditions – on the tail of his request for a month's vacation that was rejected – does not satisfy the FMLA notice requirements because Danek has not explained or set forth any evidence creating a genuine dispute as to whether there was a medical emergency or change in circumstances. *See* 29 C.F.R. § 825.302(a). Also, there is no evidence in the record that Danek lacked knowledge of approximately when his FMLA leave would begin or that the FMLA leave was unforeseeable. *See id.*; *see also Righi,* 632 F.3d at 410. Therefore, Danek did not satisfy the notice requirements under 29 C.F.R. § 825.302(a) or Cook County's 30-day notice requirement.

8

Nevertheless, assuming Danek did give adequate notice, he has failed to establish that Defendant interfered with his FMLA rights by denying him leave because Danek did not take his leave "for the intended purpose of the leave." *Vail v. Raybestos Prods., Co.,* 533 F.3d 904, 909 (7th Cir. 2008) (citing 29 U.S.C. § 2614(a)(1)). In other words, "an employer can defeat an interference claim by showing, among other things, that the employee did not take leave 'for the intended purpose,'" *see id.* (citation omitted), and "an employer's honest suspicion that the employee was not using his medical leave for its intended purpose is enough to defeat the employee's substantive rights FMLA claim." *Crouch v. Whirlpool Corp.,* 447 F.3d 984, 986 (7th Cir. 2006).

There is undisputed evidence in the record that after Danek's supervisor, Anabel Rodriguez, denied Danek's request for vacation on or around August 4, 2008, Danek requested three-months of FMLA leave on August 7, 2008. There is also undisputed evidence in the record that Danek told other Stroger Hospital employees that he was going to Mexico. Further, Danek admits that on Sunday, August 10, 2008 – three days after he requested his FMLA leave – he traveled to Lake Geneva, Wisconsin and then to Texas. Danek also admits that on September 11, 2008, he went to Mexico and stayed with friends for two weeks and then returned to Mexico in mid-October 2008 for a festival and stayed with friends until mid-November 2008. Thus, Defendant has demonstrated that its honest belief was that Danek was using his leave for vacation purposes. *See Crouch,* 447 F.3d at 986.

Finally, Danek failed to complete Cook County's FMLA approval process because the County's Department of Human Resources did not grant Danek his FMLA request prior to Danek's requested leave date and – pursuant to the County's Personnel Rules – the Department

9

of Human Resources reviews Cook County employees' FMLA requests for approval. *See Righi,* 632 F.3d at 406 ("an employer is entitled to enforce compliance with its 'usual and customary notice and procedural requirements' regarding FMLA leave"). Therefore, the Court grants Defendant's summary judgment motion as to Danek's FMLA interference claim.

## II.  FMLA Retaliation Claim

Danek also argues that the County retaliated against him for exercising his FMLA rights. Plaintiffs may proceed under the indirect or direct method of proof to establish a FMLA retaliation claim. *See Goelzer v. Sheboygan County, Wis.,* 604 F.3d 987, 995 (7th Cir. 2010). Danek attempts to establish his FMLA retaliation claim under the direct method of proof. To establish an FMLA retaliation claim under the direct method of proof, a plaintiff must present evidence of "(1) a statutorily protected activity; (2) a materially adverse action taken by the employer; and (3) a causal connection between the two." *Ames,* 629 F.3d at 670 (citation omitted). As with FMLA interference claims, a plaintiff bringing a FMLA retaliation claim must establish that he was eligible for FMLA leave in the first instance. *See Daugherty v. Wabash Ctr., Inc.,* 577 F.3d 747, 750 (7th Cir. 2009) ("To show a violation of FMLA rights, plaintiffs must show that they are eligible for FMLA protection"); *see also Long v. Teachers' Ret. Sys. of Ill.,* 585 F.3d 344, 350 (7th Cir. 2009) ("An employer cannot retaliate if there is nothing for it to retaliate against.") (citation omitted).

Here, Danek cannot establish that he engaged in a statutorily protected activity, namely, that he took approved FMLA leave – as required under the first element of the direct method of proof – because he took unapproved leave without adequate notice to Cook County and without completing Cook County's approval process, as discussed above. Moreover, Danek did not use

his FMLA leave for its intended purpose, but instead traveled and took vacations. *See Smith,* 560 F.3d at 702 ("If [plaintiff's] request for leave was invalid," then plaintiff "was not engaging in statutorily protected activity and thus could not have been fired for asserting her rights under the FMLA."). In other words, because Danek was not entitled to FMLA leave, he did not engage in a protected activity. *See Durkin v. City of Chicago,* 341 F.3d 606, 614-15 (7th Cir. 2003) ("It is axiomatic that a plaintiff engage in statutorily protected activity before an employer can retaliate against her for engaging in statutorily protected activity."). The Court therefore grants Defendant's summary judgment motion as to Danek's FMLA retaliation claim.

## CONCLUSION

For the these reasons, the Court grants Defendant's Motion for Summary Judgment brought pursuant to Federal Rule of Civil Procedure 56 and dismisses this lawsuit in its entirety.

**Date:** November 29, 2011

                                      **ENTERED**

                                      _____
                                      **AMY J. ST. EVE**
                                      **United States District Court Judge**